### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

**NANCY MCCLURE-SOTO,**

   *Plaintiff,*

**v.**                                            **Case No.  SA-21-CV-00660-JKP**

**BEXAR COUNTY,**

   *Defendant.*

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Bexar County's Motion to Dismiss. *ECF Nos. 21, 23.* Plaintiff Nancy McClure-Soto filed a Response. *ECF No. 22.* Upon Consideration, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss.

### UNDISPUTED FACTUAL BACKGROUND

McClure-Soto was employed as an Administrative Coordinator within the Bexar County Manager's Office from approximately 1997 to June 22, 2020. Her direct supervisor during the time at issue was Assistant County Manager Tina Dean-Smith.

In October 2018, McClure-Soto approached County Manager David Smith to discuss her complaints of a hostile work environment and request a transfer to a different department. On October 28, 2018, McClure-Soto sent a letter to David Smith detailing her complaints. On December 5, 2019, McClure-Soto emailed her supervisor, Tina Dean-Smith, to advise Ms. Dean-Smith she felt she was being harassed and bullied by Dean-Smith. On December 9, 2019, Dean-Smith advised McClure-Soto that supervisory duties would be

temporarily transferred to Veronica Guevara so the Human Resources Department could conduct an adequate and independent investigation into McClure-Soto's complaints and to ensure McClure-Soto's concerns would not negatively impact her job. On December 18, 2019, McClure-Soto was advised by Human Resources that an outside agency, Kelmar Global, would investigate her allegations against Dean-Smith. A representative from Kelmar Global met with McClure-Soto four times and interviewed numerous individuals.

During the pendency of the investigation, in early January 2020, McClure-Soto sent several emails to Bexar County Commissioners, David Smith, District Attorney Joe Gonzales, and other Executive Directors with Bexar County complaining of retaliatory actions. On February 7, 2020, Guevara issued McClure-Soto a Notice of Disciplinary Action-Written Reprimand ("Written Reprimand") for sending these emails, an act deemed unprofessional, disrespectful, insubordinate, and inappropriate. McClure-Soto noted on the written reprimand that she filed an EEOC Charge on January 12, 2020.[1]

On the morning of February 26, 2020, McClure-Soto photographed and videotaped her office area so she could document "the [un]professional appearance of the office". A co-worker confronted McClure-Soto expressing intimidation by her acts and disapproval of photographs being taken. After several other co-workers complained about McClure-Soto's behavior, she was placed on paid administrative leave pending investigation.

On April 9, 2020, McClure-Soto filed a Charge with the EEOC and the Texas Workforce Commission Civil Rights Division alleging retaliation discrimination for providing assistance to a co-worker, Alexandria Millan, with her own EEOC Charge filed against Dean-Smith and in retaliation for complaining of harassment, bullying and a hostile

---

[1] In actuality, the only EEOC Charge filed by McClure-Soto was the one at issue dated April 9, 2020.

work environment. McClure-Soto complained her job duties were being removed "little by little" as an act of retaliation.

On May 1, 2020, McClure-Soto received a memo from County Manager David Smith, advising her that Kelmar Global completed its investigation and concluded Dean-Smith did not engage in unlawful conduct or discrimination. On June 22, 2020, McClure-Soto elected to resign in lieu of termination.

On April 1, 2021, the EEOC issued its final conclusion in its investigation of McClure-Soto's Charge. The EEOC sent a Right to Sue Letter to McClure-Soto acknowledging receipt of supplemental information from McClure-Soto pertaining to her charge of retaliation discrimination, but concluded the additional information did not change the EEOC's ultimate conclusion that "Retaliation was not a factor in [her] employment experiences." The EEOC noted in the letter its conclusion was based in part on the fact McClure-Soto was "facing possible termination for misconduct but was allowed to retire."[2]

McClure-Soto filed suit in state court on June 1, 2021. Bexar County removed the action to this federal court. McClure-Soto asserts causes of action of: violation of the Texas Labor Code for discrimination on the basis of sex and age and for retaliation; violation of Title VII of the Civil Rights Act of 1964 for discrimination on the basis of her sex, age, and "race/color"; violation of Title VII for retaliation based upon her engagement in protected conduct and opposing unlawful conduct; violation of Title VII for her subjection to a hostile work environment based upon her sex and her age; constructive discharge, and; violation of the Age Discrimination in Employment Act.

---

[2] From the contents of the letter it appears the EEOC reached an initial conclusion of no retaliation on June 19, 2020; however, the agency allowed McClure-Soto to submit supplemental evidence and information. Any document pertaining to the EEOC's decision in June 2020 is not included in the record before the Court.

Bexar County now moves to dismiss McClure-Soto's action pursuant to Federal Rule of Civil Procedure 12(b)(6). Bexar County argues McClure-Soto failed to exhaust her administrative remedies on her claims of violation of Title VII and the Texas Labor Code for discrimination based upon race, sex, age, race/color, and hostile work environment. Because these claims were not adjudicated before the EEOC, Bexar County contends this Court must dismiss them. Bexar County contends the only charge adjudicated before the EEOC was McClure-Soto's cause of action of retaliation; however, this cause of action must be dismissed because McClure-Soto fails to allege sufficient facts to support it.

## DISCUSSION

### 1. Failure to Exhaust Administrative Remedies

#### a. Administrative Matters

##### i. Consideration of Documents Attached to Original Petition and Motion to Dismiss

As discussed, this Court must examine the Motion to Dismiss to determine "whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court's review is limited to the Complaint, any documents attached to and referenced within the Complaint, and any documents attached to the Motion to Dismiss that are central to the claim and referenced by the Complaint. *Id*. "A document is central to a claim when it is 'necessary to establish an element' of the claim." *Pylant v. Cuba*, No. 3:14-CV-0745-P, 2015 WL 12753669, at *2 (N.D. Tex. Mar. 6, 2015) (quoting *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011)).

McClure-Soto referenced in her Original Petition and attached to it the EEOC Charge filed April 9, 2020; a supplemental sworn statement dated May 31, 2021, submitted in response

4

to a letter from the EEOC San Antonio Field Office dated June 19, 2020, and; the EEOC Dismissal and Notice of Rights dated April 1, 2021. *ECF No. 1-4*. Bexar County attached to its Motion to Dismiss the Written Reprimand given to McClure-Soto on February 7, 2020. Bexar County relies upon the documents attached to McClure-Soto's Original Petition to support its arguments pertaining to her failure to exhaust administrative remedies.

Because the documents attached to the Original Petition and the Written Reprimand are specifically referenced in the factual allegations supporting her causes of action and are central to these claims, this Court will consider these documents in the substantive analysis of the parties' arguments in the context of this Motion to Dismiss. Specifically, the EEOC documents are necessary to the Court's analysis of Bexar County's contention that most of McClure-Soto's causes of action are subject to dismissal for failure to exhaust administrative remedies. The Written Reprimand is specifically pertinent to the Court's determination whether McClure-Soto exhausted her administrative remedies on her cause of action of hostile work environment and retaliation. In addition, the Written Reprimand is referenced in the Original Petition and is central to McClure-Soto's allegations of retaliation.

For these reasons the Court may consider the documents attached to the Original Complaint and the Written Reprimand in analysis of the arguments raised by both parties in this Motion to Dismiss.

### ii.    Whether the Issue is Properly Before the Court

Title VII of the Civil Rights Act provides for private causes of action arising out of employment discrimination and gives federal courts subject matter jurisdiction to resolve such disputes. 42 U.S.C. § 2000e-5(f). Before seeking judicial relief, however, Title VII plaintiffs must exhaust their administrative remedies by filing a charge of discrimination with the Equal Em-

ployment Opportunity Commission (EEOC). 42 U.S.C. § 2000e-5(e)(1). This exhaustion requirement exists to facilitate the EEOC's "investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012). Administrative exhaustion provides an opportunity for voluntary compliance before a civil action can be instituted. *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2018), aff'd sub nom. *Fort Bend Cnty., Tex. v. Davis*, 139 S. Ct. 1843 (2019); *Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006). The administrative exhaustion requirement also applies to claims under the ADEA. *Stancu v. Hyatt Corp./Hyatt Regency Dallas*, 3:20-CV-864-E-BN, 2021 WL 495883, at *6 (N.D. Tex. Jan. 26, 2021), report and recommendation adopted, 3:20-CV-864-E-BN, 2021 WL 487756 (N.D. Tex. Feb. 10, 2021), appeal dismissed, 21-10190, 2021 WL 3871902 (5th Cir. Apr. 15, 2021).

In the Fifth Circuit, failure to exhaust administrative remedies through the EEOC on a Title VII claim is not a jurisdictional bar to suit, but rather a prudential prerequisite to suit. *Davis v. Fort Bend Cnty.*, 893 F.3d at 303-306. As a "prudential prerequisite to suit", under the Fifth Circuit rule of orderliness, cases holding that administrative exhaustion is a jurisdictional requirement do not control. *Id.* at 305-307; 42 U.S.C.A. §§ 2000e-5(e)(1), 2000e-5(f).

Under this characterization, failure-to-exhaust is an affirmative defense that should be pleaded. *Davis v. Fort Bend Cnty.*, 893 F.3d at 307. "Although failure to exhaust is now an affirmative defense, it may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Taylor v. Lear Corp.*, No. 3:16-cv-3341-D, 2017 WL 6209031, at *2 (N.D. Tex. Dec. 8, 2017); *Stancu*, 2021 WL 495883, at *6.

By attaching the EEOC administrative documents to the Complaint, a plaintiff makes those documents part of the Complaint, and the grounds for the affirmative defense appear on the face of the Complaint. *See* Fed. R. Civ. P. 10(c); *see also Stancu*, 2021 WL 495883, at *6; *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019).  McClure-Soto attached the EEOC Charge, supplemental evidence, and Right To Sue letter to her Original Petition. Bexar County raised the issue whether McClure-Soto failed to exhaust administrative remedies on her Title VII, Texas Labor Code, and ADEA causes of action in its first responsive pleading, this Motion to Dismiss.

For this reason, the issue is properly before the Court and will be considered an affirmative defense. *Stancu*, 2021 WL 495883, at *6. This Court will examine the substantive merits of the issue whether McClure-Soto exhausted her administrative remedies as a prudential prerequisite to filing suit on these causes of action.

**b.  Analysis of Motion to Dismiss**

**Arguments**

Bexar County moves to dismiss McClure-Soto's causes of action under Title VII for sex discrimination, age discrimination, and hostile work environment/constructive discharge, her causes of action under Title VII and the Texas Labor Code for racial discrimination, and her cause of action under the ADEA for age discrimination because the claims and allegations supporting them were not raised in the EEOC Charge. Because McClure-Soto did not present these charges of discrimination during the EEOC administrative proceedings, Bexar County contends these causes of action are barred for failure to exhaust administrative remedies, and therefore, should be dismissed.

McClure-Soto contends that while these allegations "were not raised in the initial EEOC complaint", they "grew out of the same related allegations initially complained of." Further, the "subsequent complaints of discrimination and subjection to a hostile work environment/constructive discharge due to sex, age, and race/color all stem from what was complained of in her initial complaint with the EEOC…." McClure-Soto contends that "[e]ven though the checkboxes for sex, age, and race/color discrimination were not marked," the supplemental materials of her position statement, affidavit and Charge of Discrimination "all lay out instances in which these particular types of discrimination occurred as a result of [her] initial complaint of Retaliation."

## Legal Standard

"Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation." *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008); *Pacheco,* 448 F.3d at 788. To ensure a balance of protection for unsavvy complainants with the purpose of the administrative process, courts construe the EEOC Charge and complaints therein broadly to expand the scope to include "the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination." *McClain*, 519 F.3d at 273; *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). To provide this expansive scope of the EEOC charging documents, a court must use a fact-intensive analysis and look beyond the four corners of the documents to determine the true substance of the complainants claims. *McClain*, 519 F.3d at 273; *Sanchez*, 431 F.2d at 466. Under this broad construction, any lawsuit may include allegations "like or related to allegations contained in the EEOC charge and growing out of such allegations during the pendency of the case before the Commission." *McClain*, 519 F.3d at 273. However, even with this

broad construction, a cause of action which relies upon factual allegations that exceed the factual story and allegations within the EEOC Charge and the investigation that reasonably grows from it, may be dismissed pursuant to Federal Rule 12(b)6) for failure to exhaust administrative remedies. *Id*.

## EEOC Charging Documents Before the Court

In her Charge of Discrimination, McClure-Soto checked the box titled "retaliation" in response to the prompt of "Discrimination based on." *ECF No. 1-4, exh. 1*. In doing so, McClure-Soto left open the boxes titled race, color, sex, religion, national origin, age, disability, genetic information, and other. *Id*. In her explanation of the charges, McClure-Soto states, "I believe I have been subjected to retaliation while in the performance of my duties for providing assistance to a request submitted by Alexandria Milan regarding her EEOC Charge…. I also complained of harassment, bullying, hostile work environment and that my job duties are being removed little by little…. In addition, I was written up and suspended for 30 days." In conclusion, McClure-Soto stated, "I believe I was retaliated against after I engaged in protected EEOC activity in violation of Title VII of the Civil Rights Act of 1964, as amended." *Id*.

McClure-Soto submitted an extensive and detailed supplemental sworn statement in support of her EEOC Charge after the EEOC's initial investigation. *ECF No. 1-4, exh. 2, p. 44*. In this supplemental sworn statement, McClure-Soto detailed the same facts and allegations she later submitted in her Original Petition. McClure-Soto described the actions of her supervisor Dean-Smith that she contended constituted "bullying, harassment and hostile work environment." Many of these statements and allegations appear verbatim in the Original Petition.

In the Right to Sue Letter, the EEOC indicated it received the supplemental statement and considered it in its final determination. *ECF No. 1-4, exh. 2, p. 40*. The EEOC explained that all

of the evidence submitted "does not support a conclusion that Retaliation was a factor in [McClure-Soto's] employment experiences. In addition, the record shows [McClure-Soto] was facing possible termination for misconduct but was allowed to retire." *Id*.

**Causes of Action**

i.      **Age Discrimination**

McClure-Soto's EEOC Charge and supplemental statement do not overtly or explicitly allege any discrimination related to her age. *See ECF No. 1-4, exh. 2.* Although her EEOC charge referred to the same facts and conduct she now iterates to support her causes of action of violation of the ADEA and Title VII and the Texas Labor Code based age discrimination, McClure-Soto did not check the box for age discrimination on her initial EEOC Charge, and she did not raise or even imply the alleged wrongful behavior was based upon age discrimination.

The investigation that could reasonably flow from McClure-Soto's allegations and EEOC Charge would be based in an inquiry of the alleged retaliation for McClure-Soto's assistance to a co-worker and actions to address her experiences of bullying. Nothing in McClure-Soto's EEOC Charge or supplemental statement would direct an investigation or even implied analysis of age discrimination as the reason for any bullying or harassment. McClure-Soto does not indicate the bullying or harassment was based upon her age, but asserts only that the conduct was based in retaliation. Even upon consideration of McClure-Soto's extensive supplemental statement, the EEOC still stated in its Right to Sue Letter that it found no basis for a finding of retaliation, indicating the Agency also found no basis for an investigation or indication of other forms of discrimination in violation of Title VII.

Finally, McClure-Soto's argument opposing dismissal demonstrates her EEOC charge and investigation focused on retaliation, only. McClure-Soto states her EEOC Charge docu-

ments, "all lay out instances in which these particular types of discrimination occurred as a result of [her] initial complaint of Retaliation." *ECF No. 22, p. 4.* McClure-Soto, thus, contends she experienced age discrimination in retaliation for her filing an EEOC Charge and for helping a co-worker do so. This is not a viable basis for asserting an age-discrimination claim. For an EEOC investigation into age discrimination to be reasonably expected to grow out of her factual allegations, the alleged acts must occur based upon McClure-Soto's age; an age-discrimination charge cannot be based in retaliation for her protected acts.

For these reasons, the Court cannot find an EEOC investigation into age discrimination could be reasonably expected to grow out of McClure-Soto's EEOC Charge of discrimination. *See McClain*, 519 F.3d at 273; *Sanchez,* 431 F.2d at 466. Therefore, McClure-Soto failed to exhaust her administrative remedies on her causes of action for violation of the ADEA, Title VII, and the Texas Labor Code based upon age discrimination. Consequently, these causes of action are barred and must be dismissed.

### ii.    Sex Discrimination

In the Motion-to-Dismiss filings the parties present conglomerated arguments in support of their positions with regard to the causes of action for discrimination based upon age, sex, race/color, hostile work environment, and constructive discharge. Consequently, the Court will consider the previously identified arguments in its review of the EEOC Charge documents to determine whether an EEOC investigation into sex discrimination could reasonably grow out of the claims therein.

McClure-Soto's EEOC Charge and supplemental statement do not overtly or explicitly allege any discrimination related to her sex or gender. Although McClure-Soto's EEOC charge was based upon the same facts supporting her cause of action for violation of the Texas Labor

Code and Title VII based on sex discrimination, she did not check the box for sex discrimination on her initial EEOC Charge, and she did not raise or even imply the alleged wrongful behavior was based upon sex discrimination.

The investigation that could reasonably flow from McClure-Soto's allegations and EEOC Charge would be based in an inquiry of the alleged retaliation for McClure-Soto's assistance to a co-worker and actions to address her experiences of bullying. Nothing in McClure-Soto's EEOC Charge or supplemental statement would direct an investigation or even implied analysis of sex discrimination. McClure-Soto does not indicate in the EEOC charge documents that the bullying or harassment occurred because of her sex and does not indicate she was forced to resign because of her sex. Finally, even upon consideration of McClure-Soto's extensive supplemental statement, the EEOC still stated in its Right to Sue Letter that it found no basis for a finding of retaliation, indicating the Agency also found no basis for an investigation or indication of other forms of discrimination in violation of Title VII.

Finally, McClure-Soto's argument opposing dismissal demonstrates her EEOC charge and investigation focused on retaliation, only. McClure-Soto states her EEOC Charge documents, "all lay out instances in which these particular types of discrimination occurred as a result of [her] initial complaint of Retaliation." *ECF No. 22, p. 4.* McClure-Soto, thus, contends she experienced sex discrimination in retaliation for her filing an EEOC Charge and for helping a co-worker do so. This is not a viable basis for asserting a sex-discrimination claim. For an EEOC investigation into sex discrimination to be reasonably expected to grow out of her factual allegations, the alleged acts must occur based upon McClure-Soto's sex; a sex-discrimination claim cannot be based in allegations of bullying or retaliation for McClure-Soto's protected acts.

For these reasons, the Court cannot find an EEOC investigation into sex discrimination could be reasonably expected to grow out of McClure-Soto's EEOC Charge or the supplemental factual allegations. *See McClain*, 519 F.3d at 273; *Sanchez,* 431 F.2d at 466. Therefore, McClure-Soto failed to exhaust her administrative remedies on any cause of action for violation of Title VII or the Texas Labor Code based upon sex discrimination. Consequently, this cause of action is barred and must be dismissed.

### iii.     Race/Color Discrimination

In the Motion-to-Dismiss filings the parties present conglomerated arguments in support of their positions with regard to the causes of action for discrimination based upon age, sex, race/color, hostile work environment, and constructive discharge. Consequently, the Court will consider the previously identified arguments in its review of the EEOC Charge documents to determine whether an EEOC investigation into race/color discrimination could have reasonably grown out of the claims therein.

McClure-Soto's EEOC Charge and supplemental statement do not overtly or explicitly allege any discrimination related to her race, color, or national origin. Although McClure-Soto's EEOC charge was based upon the same facts supporting her cause of action for violation of Title VII based on racial/color discrimination, she did not check the box for race, color, or national origin discrimination on her initial EEOC Charge, and she did not raise or even imply the alleged wrongful behavior was based upon race, color, or national origin discrimination.

The EEOC investigation that could reasonably flow from McClure-Soto's allegations and EEOC Charge would be based in an inquiry of the alleged retaliation for McClure-Soto's assistance to a co-worker and actions to address her experiences of bullying. Nothing in McClure-Soto's EEOC Charge or supplemental statement would direct an EEOC investigation

13

or even implied analysis of race, color, or national origin discrimination. McClure-Soto does not indicate the bullying or harassment occurred because of her race, color, or national origin and does not indicate she was forced to resign because of her race, color, or national origin. Even upon consideration of McClure-Soto's extensive supplemental statement, the EEOC still stated in its Right to Sue Letter that it found no basis for concluding "Retaliation was a factor in [her] employment experiences", indicating the Agency also found no basis for an investigation or indication of other forms of discrimination in violation of Title VII.

Finally, McClure-Soto's argument opposing dismissal demonstrates her EEOC charge and investigation focused on retaliation, only. McClure-Soto states her EEOC Charge documents, "all lay out instances in which these particular types of discrimination occurred as a result of [her] initial complaint of Retaliation." *ECF No. 22, p. 4.* McClure-Soto, thus, contends she experienced discrimination based upon race, color, or national origin in retaliation for her filing an EEOC Charge and for helping a co-worker do so. This is not a viable basis for asserting a discrimination claim. For an EEOC investigation into race, color, or national origin discrimination to be reasonably expected to grow out of her factual allegations, the alleged acts must occur based upon McClure-Soto's race, color, or national origin; such a discrimination claim cannot be based in allegations of bullying or retaliation for McClure-Soto's protected acts.

For these reasons, the Court cannot find an EEOC investigation into race, color, or national origin discrimination could be reasonably expected to grow out of McClure-Soto's EEOC Charge or the supplemental factual allegations. *See McClain, 519 F.3d at 273; Sanchez, 431 F.2d at 466.* Therefore, McClure-Soto failed to exhaust her administrative remedies on any cause of action for violation of Title VII based upon race, color, or national origin discrimination. Consequently, these causes of action are barred and must be dismissed.

iv.   **Hostile Work Environment**

In the Motion-to-Dismiss filings, the parties present conglomerated arguments in support of their positions with regard to the causes of action for discrimination based upon age, sex, race/color, hostile work environment, and constructive discharge. Consequently, the Court will consider the previously identified arguments in its review of the EEOC Charge documents to determine whether an EEOC investigation into a hostile work environment could have reasonably grown out of the claims asserted therein.

In her Original Petition, McClure-Soto asserts factual allegations supporting her cause of action for hostile work environment based upon retaliation for her engagement in protected activity. McClure-Soto does not base her hostile-work-environment cause of action on a traditional claim of her membership in a protected class. Essentially, McClure-Soto asserts a cause of action for "retaliatory hostile work environment."

The Fifth Circuit does not currently recognize a cause of action for "retaliatory hostile work environment." *Rowe v. Jewell*, 88 F. Supp. 3d 647, 671 (E.D. La. 2015); *Tejada v. Travis Assoc. for Blind*, A-12-CV-997, 2014 WL 2881450, at *3 (W.D. Tex. June 25, 2014), report and recommendation adopted sub nom. *Tejada v. Travis Ass'n for the Blind*, 1:12-CV-997-DAE, 2014 WL 4165370 (W.D. Tex. Aug. 7, 2014), aff'd, 617 Fed. Appx. 325 (5th Cir. 2015); *Thomas v. City of Shreveport,* No. 06–1078, 2008 WL 4291211, at * 11 (W.D. La. Sept.15, 2008). In the instances in which the cause of action was presented, the Fifth Circuit declined to reach the issue whether it recognizes the validity of the cause, itself, and each time found the plaintiff failed to establish a *prima facie* case of retaliatory hostile work environment, even if such a claim existed. *See Montgomery-Smith v. George,* 810 Fed. Appx. 252, 259 (5th Cir. 2020); *Fallon v. Potter,* 277 F. App'x 422, 424 & n. 3 (5th Cir. 2008); *Bryan v. Chertoff,* 217 F. App'x 289, 293

(5th Cir. 2007). In *Bryan* the Fifth Circuit Court did recognize "[a]t least the Second, Sixth, Seventh, Ninth, and Tenth Circuits have adopted this cause of action." *Bryan,* 217 F. App'x at 293 n. 3 (citing cases). Recognizing this lack of clarity, trial courts have granted summary judgment on a retaliatory hostile work environment cause of action because the Fifth Circuit does not officially recognize the cause of action. *See e.g., Minor v. University of Texas Southwestern Medical Center,* 2013 WL 3477223 (N.D. Tex. 2013). However, the general practice of trial courts in the Fifth Circuit is to assume a cause of action for retaliatory hostile work environment exists until the Fifth Circuit directs otherwise. *See e.g. Valdry v. Brennan*, CV 15-453, 2017 WL 2702226, at *4 (M.D. La. June 22, 2017), aff'd, 730 Fed. Appx. 207 (5th Cir. 2018); *McCorvey v. Univ. of Tex. Health Sci. Ctr. at San Antonio*, 5:16-CV-631, 2016 WL 8904949, at *11 (W.D. Tex. Dec. 21, 2016).

At this stage of the litigation, this Court will assume McClure-Soto may pursue a retaliatory hostile work environment cause of action and leave for the Fifth Circuit the question whether such a cause of action exists. *See Tejada v. Travis Assoc. for Blind*, A-12-CV-997, 2014 WL 2881450, at *3; *Griffin v. Texas Department of State Health Services,* 2011 WL 759476 (S.D. Tex. 2011). Consequently, the focus of this inquiry becomes whether McClure-Soto exhausted her administrative remedies on her cause of action for retaliatory hostile work environment, that is, whether the EEOC Charge documents presented sufficient factual allegations from which an EEOC investigation into this charge could reasonably be expected to occur.

In her EEOC Charge, McClure-Soto explicitly states she experienced "harassment, bullying, [and] hostile work environment", and she believed these acts were in retaliation for engaging "in protected EEOC activity." In her supplemental sworn statement, McClure-Soto

describes in detail the actors and the acts she contends constituted bullying, harassment, and a hostile work environment. From these explicit and detailed statements, one could reasonably expect an EEOC investigation into retaliation arising from McClure-Soto's protected activity manifested in bullying, harassment, and a hostile work environment. An EEOC investigation could reasonably flow from McClure-Soto's allegations and EEOC Charge based in an inquiry of the alleged retaliation for McClure-Soto's assistance to a co-worker and actions to address her own experiences of bullying by Dean-Smith. McClure-Soto clearly states in her EEOC supplemental sworn statement that the actions of her supervisors created a hostile work environment so severe that she had no choice but to resign. *ECF No. 1-4, Exh. 2, pp. 51-52, 54.*

Based upon these charges and factual allegations, this Court finds an EEOC investigation for retaliatory hostile work environment could reasonably be expected to grow out of McClure-Soto's allegations of bullying, harassment, and hostile work environment resulting from retaliation for protected activity. Therefore, McClure-Soto exhausted her administrative remedies on any cause of action for violation of Title VII and the Texas Labor Code based upon a retaliatory hostile work environment. Consequently, Bexar County's Motion to Dismiss this cause of action must be denied.

### v.    Constructive Discharge

In the Motion-to-Dismiss filings, the parties present conglomerated arguments in support of their positions with regard to the causes of action for discrimination based upon age, sex, race/color, hostile work environment, and constructive discharge. Consequently, the Court will consider the previously identified arguments in its review of the EEOC Charge documents to determine whether an EEOC investigation into constructive discharge could have reasonably grown out of the claims asserted therein.

In her Original Petition, McClure-Soto asserts a separate and distinct cause of action for constructive discharge. In this delineated cause of action, McClure-Soto describes the actions of her supervisors which resulted in her feeling "compelled to resign in lieu of proposed termination." *ECF No. 1-5. p. 31.*

In the Fifth Circuit, "the constructive discharge doctrine is an alternative way of proving an adverse employment action in Title VII and other cases, but constructive discharge is not itself a cause of action. It is a means of proving the element of an adverse employment action where the employee quits instead of being fired." *Wells v. City of Alexandria*, 03-30750, 2004 WL 909735, at *3 (5th Cir. Apr. 29, 2004)(per curiam). "Although constructive discharge has import in both retaliation and hostile work environment claims, it is not in itself a separate cause of action." *Bryant v. Skyline Properties, Inc.*, 3:05-CV-2503-G, 2006 WL 708647, at *2 (N.D. Tex. Mar. 20, 2006); *Turman v. Greenville Independent School District*, No. 3:03-CV-1786-M, 2004 WL 350683, at *2 (N.D. Tex. Jan. 27, 2004); *see also Kroll v. Disney Store, Inc.*, 899 F.Supp. 344, 347 (E.D. Mich. 1995); *but see Winspear v. Cmty. Dev., Inc.,* 574 F.3d 604, 607 (8th Cir. 2009); *Draper v. Coeur Rochester, Inc.,* 147 F.3d 1104, 1110 (9th Cir. 1998); *Young v. Nat'l Ctr. for Health Servs. Research,* 828 F.2d 235, 238 (4th Cir. 1987) (all holding constructive discharge is a distinct cause of action).

While other Circuit Courts recognize constructive discharge as an independent cause of action, given the Fifth Circuit's directive, this Court will proceed with the understanding that constructive discharge is an alternative way of proving the requisite element of adverse employment action in situations where, as here, the employee resigns instead of being terminated. *See Wells*, 2004 WL 909735, at *3; *Bryant*, 2006 WL 708647, at *2.

Because constructive discharge is not an independent cause of action, but an element of the other alleged discriminatory charges violative of Title VII, this Court cannot conclude McClure-Soto exhausted her administrative remedies for this cause, and its dismissal as a separate cause of action is warranted. However, McClure-Soto may assert constructive discharge when addressing the adverse-employment-action element of her causes of action asserted under Title VII.

Consequently, this cause of action is barred and must be dismissed.

**2.   Motion to Dismiss Retaliation Cause of Action**

### Arguments

Bexar County contends McClure-Soto's cause of action for retaliation must be dismissed because she fails to plead sufficient facts to state a viable claim. Specifically, Bexar County argues McClure-Soto fails to allege sufficient facts to support the elements of her retaliation cause of action of participation in protected activity and that she suffered an adverse employment action. Bexar County asserts the alleged protected activities upon which McClure-Soto relies do not constitute actions protected under Title VII. In addition, McClure-Soto contends its employees "did everything right in investigating her complaint against Dean-Smith", and therefore, McClure-Soto cannot possibly show it retaliated against her. Finally, Bexar County argues the allegations of adverse employment actions upon which McClure-Soto relies are not actionable adverse employment actions. Further, Bexar County contends McClure-Soto's allegations are conclusory and do support a finding of severe or pervasive conduct to support her retaliation cause of action.

**Legal Standard**

### i.    Motion to Dismiss for Failure to State a Claim

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a motion to dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss, which are also referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network,*

*L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d at 324).

### ii.     Context of Discrimination Causes of Action

At this early stage of litigation, a plaintiff need not produce evidence to support their cause of action and may be unable to define the relevant facts and evidence. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Accordingly, in response to a Federal Rule 12(b)(6) Motion to Dismiss, a plaintiff need not make out a prima facie case of discrimination, but need only allege enough facts to support the cause of action. *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). While plaintiffs do not "have to submit evidence to establish a prima facie case of discrimination at this stage, [they must] plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [their] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

Following this guidance, this Court's task is to identify the elements of a retaliation cause of action and then determine whether McClure-Soto alleged facts which permit at least an inference of these elements. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766–67 (5th Cir. 2019); *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 434 (5th Cir. 2021).

To establish a cause of action for retaliation, a plaintiff must prove: (1) she engaged in a protected activity; (2) an adverse employment action occurred, and; (3) there was a causal link between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007). The third, causal-link element can be met "simply by showing close enough timing between [the] protected activity and [the] adverse employment action." *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020), *as revised* Aug. 14,

2020. A retaliatory action is materially adverse, if it affected job title, grade, hours, salary, or benefits or caused a diminution in prestige or change in standing among coworkers. *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 826–27 (5th Cir. 2019), *cert. denied*, 141 S. Ct. 160 (2020).

### Analysis

Review of McClure-Soto's Original Petition and the incorporated sworn statement submitted in the EEOC investigation in the light most favorable to McClure-Soto and with broad construction reveals the following:

McClure-Soto alleges retaliation began after she had helped Ms. Millan submit an EEOC Charge and continued after McClure-Soto submitted her own EEOC Charge. *ECF No. 1-5, exh. 2, p. 19.* McClure-Soto alleges Dean-Smith and other supervisory officials retaliated by demoting her, removing job responsibilities, and by reprimanding her for seeking attention and resolution through emails to the Bexar County Commissioners. *Id. at pp. 8-13, 16-20.* McClure-Soto alleges she was constructively discharged because "the working conditions were so bad that the average person in her situation would be compelled to resign. [Bexar County] knew of [McClure-Soto's] need for health insurance and the other benefits that come from working and provided an ultimatum of being fired or retiring." *Id. at p. 20.* McClure-Soto alleged her supervisors' actions were "especially egregious." *Id.* McClure-Soto alleges a causal connection between the protected activity and the retaliatory action existed because "the retaliatory action and harassment did not occur until the protected activity occurred. For the 15 years Plaintiff worked in the same department as Defendant and no issues occurred until the event in question." *Id. at p. 8.*

Based upon broad construction of McClure-Soto's of her Original Petition, the Court concludes McClure-Soto sufficiently alleged factual allegations to support the elements of retali-

ation. McClure-Soto alleged the protected activity, specific acts of retaliation, the adverse employment action, and a causal relationship existed between the protected activity and the adverse employment action. Consequently, Bexar County's Motion to Dismiss the retaliation cause of action must be denied.

### 3. Leave to Amend

A Complaint should only be dismissed under Federal Rule 12(b)(6) after affording every opportunity for the plaintiff to state a claim upon which relief can be granted. *Hitt v. City of Pasadena,* 561 F.2d 606, 608–09 (5th Cir. 1977); *see also McClellon v. Lone Star Gas Co.,* 66 F.3d 98, 103 (5th Cir. 1995). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt,* 561 F.2d at 608–09.

Although the Court "should freely give leave when justice so requires," leave to amend is not automatic. *Id.*; *N. Cypress Med. Center Operating Co., Ltd. v. Aetna Life Ins. Co*., 898 F.3d 461, 477 (5th Cir. 2018). The decision to grant or deny a motion to amend is within the sound discretion of the trial court. *Id.* at 477; *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). The court may dismiss a Complaint or cause of action if amendment would be futile, that is, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). Should a Court find a plaintiff failed to state a claim, dismissal of that claim with prejudice is appropriate if a court also concludes the plaintiff pleaded their best case. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

For the reasons explained, this Court determined McClure-Soto's causes of action of violations of Title VII and the Texas Labor Code based upon discrimination of age, sex, race,

color, and national origin should be dismissed because McClure-Soto failed to exhaust her administrative remedies. Accordingly, amendment of her Complaint would be futile. In addition, this Court concluded McClure-Soto's cause of action for violation of the ADEA should be dismissed for the same reasons. Accordingly, amendment of the Complaint to address the outlined deficiencies would be futile. Finally, this Court concluded McClure-Soto's cause of action of constructive discharge should be dismissed because an independent cause of action does not exist, and therefore, McClure-Soto could not have exhausted her administrative remedies. Therefore, any amendment of the Complaint to cure these deficiencies would be futile.

For these reasons, the Court concludes the causes of action for violation of the ADEA and violation of Title VII and the Texas Labor Code based upon discrimination of age, sex, race, color, and national origin should be dismissed without prejudice without allowing leave to file an Amended Complaint. McClure-Soto's cause of action of constructive discharge should be dismissed with prejudice without allowing leave to file an Amended Complaint.

## CONCLUSION

For the reasons stated, the Court **GRANTS IN PART and DENIES IN PART** Bexar County's Motion to Dismiss. *ECF No. 21*. McClure-Soto's causes of action of retaliatory hostile work environment and retaliation shall proceed. McClure-Soto's causes of action for violation of the ADEA and violation of Title VII and the Texas Labor Code based upon discrimination of age, sex, race, color, and national origin are **DISMISSED WITHOUT PREJUDICE**. McClure-Soto's cause of action of constructive discharge is **DISMISSED WITH PREJUDICE**.

It is so ORDERED.
SIGNED this 18th day of January, 2022.

_____
JASON  PULLIAM
UNITED STATES DISTRICT JUDGE